Jeremy J. Thompson, Esq. (12503)
**CLARK HILL PLC**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Tel. 702.697.7527
Fax 702.862.8400
jthompson@clarkhill.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE subscriber assigned IP address 68.224.153.164, <br><br> Defendant. | Case Number: 2:19-cv-01072-JAD-VCF <br><br> **STRIKE 3 HOLDINGS, LLC'S AMENDED *EX-PARTE* APPLICATION FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT** |

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Strike 3 Holdings, LLC ("Plaintiff"), makes this amended *ex-parte* application for entry of an order extending the time within which to effectuate service on John Doe Defendant, and states:

1. This is a copyright infringement case against a John Doe Defendant known to Plaintiff only by an IP address. Defendant's true identity is known by their Internet service provider ("ISP").

2. On July 22, 2019, Plaintiff filed its *Ex-Parte* Motion for Leave to Serve Subpoena ("Motion"), which would allow it to identify Defendant. ECF 4. Without the Internet Service Provider's ("ISP") response to this subpoena, Plaintiff cannot identify and serve Defendant.

1

Strike 3 Holdings, LLC's Amended *Ex-Parte* Application for Extension of Time Within Which to Effectuate Service on John Doe Defendant

3. Pursuant to Fed. R. Civ. P. Rule 4(m), Plaintiff is required to effectuate service on the Defendant no later than September 22, 2019. After a review of this case in PACER and not seeing a docket entry subsequent to its Motion, Plaintiff believed that the Court had yet to rule on its Motion. As a result, it filed its original *Ex-Parte* Application for Extension of Time within Which to Effectuate Service on John Doe Defendant on September 18, which noted that it had not yet received a Court order granting its Motion, and thus had not issued a subpoena seeking the Defendant's identity.

4. In a separate matter where Plaintiff had made a similar request for extension of time, the Court pointed out that it had issued an order in that case. *See* Case No. CV 19 -01071-JCM-NJK, ECF No. 7.

5. Upon receiving the ECF No. 7 email notification related to that separate matter, Plaintiff's counsel reviewed PACER in this case and noticed that its application for an extension of time was identified as ECF No. 6, but that there was no docket entry or information for ECF No. 5. *See* Exhibit 1.

6. Thus, it recently came to Plaintiff's attention that the Court had already entered an order granting Plaintiff's Motion in this case, but that such order has not posted on PACER. After careful review of undersigned's email, however, undersigned found the CM/ECF email notification indicating that the Court had entered an Order granting the Motion at Docket Entry 5 ("Order"). Plaintiff is filing the instant amended motion to correct its previous statement that its Motion had not been granted.

7. In learning of this discrepancy, Plaintiff also discovered that the CM/ECF notification email did not provide Plaintiff with access to the Order. That is, Plaintiff is unable to review and download the Order to attach to its subpoena to the ISP.

8. Plaintiff apologizes to this Court for this confusion and oversight and will ensure that it notifies the clerk as soon as possible of any future CM/ECF notification emails which do not provide access to a filed document.

2

Strike 3 Holdings, LLC's Amended *Ex-Parte* Application for Extension of Time Within Which to Effectuate Service on John Doe Defendant

9. Plaintiff respectfully requests that the time within which it has to effect service of the summons and Complaint on Defendant be extended until forty-five (45) days after it expects to learn the Defendant's identity, or November 15, 2019. This extension should allow Plaintiff sufficient time to request that the clerk make the Order publicly available on the docket, serve the subpoena, receive the ISP's response, conduct a further investigation to assist in determining whether the individual identified by the ISP is the appropriate defendant for this action, amend the complaint and serve the appropriate defendant.

10. This application is made in good faith and not for the purpose of undue delay.

11. None of the parties will be prejudiced by the granting of this extension.

WHEREFORE, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended until November 15, 2019. A proposed order is attached for the Court's convenience.

Dated this 2nd day of October, 2019.

**CLARK HILL PLC**

By: /s/ *Jeremy J. Thompson*
Jeremy J. Thompson, Esq. (12503)

*Attorney for Plaintiff Strike 3 Holdings, LLC*

3

Strike 3 Holdings, LLC's Amended *Ex-Parte* Application for Extension of Time Within Which to Effectuate Service on John Doe Defendant

**EXHIBIT 1**

# United States District Court
## District of Nevada (Las Vegas)
## CIVIL DOCKET FOR CASE #: 2:19−cv−01072−JAD−VCF

| | |
|---|---|
| Strike 3 Holdings, LLC v. Doe | Date Filed: 06/21/2019 |
| Assigned to: Judge Jennifer A. Dorsey | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Cam Ferenbach | Nature of Suit: 820 Copyright |
| Demand: $150,000 | Jurisdiction: Federal Question |
| Cause: 17:101 Copyright Infringement | |

**Plaintiff**

**Strike 3 Holdings, LLC**     represented by     **Jeremy J. Thompson**
Clark Hill PLLC
3800 Howard Hughes Parkway
Suite 500
Las Vegas, NV 89169
702−862−8300
Fax: 702−862−8400
Email: jthompson@clarkhill.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**John Doe**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/2019 | 1 | COMPLAINT against All Defendants (Filing fee $400 receipt number 0978−5597907) by Strike 3 Holdings, LLC. Proof of service due by 9/19/2019. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A to Complaint)(Thompson, Jeremy)<br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1−1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 06/21/2019) |
| 06/21/2019 | 2 | CERTIFICATE of Interested Parties by Strike 3 Holdings, LLC that identifies all parties that have an interest in the outcome of this case. Corporate Parent General Media Systems, LLC for Strike 3 Holdings, LLC added. (Thompson, Jeremy) (Entered: 06/21/2019) |
| 06/21/2019 | | Case randomly assigned to Judge Jennifer A. Dorsey and Magistrate Judge Cam Ferenbach. (JM) (Entered: 06/21/2019) |
| 06/21/2019 | 3 | AO 121 – REPORT on the filing or determination of an action or appeal regarding a copyright. Mailed to the Register of Copyrights, Copyright Office. (JM) (Entered: 06/21/2019) |
| 07/22/2019 | 4 | EX PARTE MOTION *for Leave to Serve Third Party Subpoena Prior to Rule 26(f) Conference* by Plaintiff Strike 3 Holdings, LLC. (Attachments: # 1 Declaration Fieser, # 2 Declaration Lansky, # 3 Declaration Pasquale, # 4 Declaration Stalzer, # 5 Proposed Order) (Thompson, Jeremy) (Entered: 07/22/2019) |
| 09/18/2019 | 6 | First EX PARTE MOTION *for Extension of Time within Which to Effectuate Service on John Doe Defendant* re 4 Ex Parte Motion, by Plaintiff Strike 3 Holdings, LLC. (Attachments: # 1 Proposed Order on Plaintiff's Ex−Parte Application for Extension of Time within which to Effectuate Service on John Doe Defendant) (Thompson, Jeremy) (Entered: 09/18/2019) |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 68.224.153.164,<br><br>    Defendant. | Case Number: 2:19-cv-01072-JAD-VCF<br><br>**ORDER ON PLAINTIFF'S AMENDED *EX-PARTE* APPLICATION FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT** |

THIS CAUSE came before the Court upon Plaintiff's Amended *Ex-parte* Application for Extension of Time Within Which to Effectuate Service on John Doe Defendant ("Application"), and the Court being duly advised in the premises does hereby:

ORDER AND ADJUDGE: Plaintiff's Application is granted. Plaintiff shall have until November 15, 2019 to effectuate service of a summons and Complaint on Defendant.

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** October 4, 2019 _____

1